Springer, J.,
dissenting:
The trial judge saw Said Thamar’s murderous activities as being divorced entirely from his employment. I agree. Upon examining the record in this case, I have become convinced that the trial judge was correct in granting summary judgment; so I dissent.
Respondents had no appreciable knowledge of Thamar’s vio *1230 lent propensities and, at the time of Thamar’s hiring, had no duty to make inquiry. I note that Thamar was not on duty at the time he committed the murder and that trying to tie to his employment Thamar’s psychopathic, emotionally-charged and spontaneous outburst, just because he happened to be on the payroll at the time, is stretching the facts of this case beyond their reasonable limits. This court should not interfere with the judgment of the trial court in this respect.
The majority believes that the owner breached a duty of care owed to the Rockwells as tenants. I do not think that the owner owed a duty to tenants to keep them from being murdered in each others’ apartments. As appears in the majority’s statement of facts, the murderer, Thamar, picked up his lover/victim, Londa Rockwell, at work, and they went back to Thamar’s apartment to talk. While the couple was in the murderer’s apartment, Londa told Thamar that she was cutting off their romance and returning to her husband; whereupon, according to the majority,
Thamar became incensed. He got his gun and shot Londa eighteen times, stopping to reload several times.
Just what Sun Harbor Budget Suites might have done to prevent a deranged and jealous man from becoming “incensed” and shooting his lover, escapes me. I see no need for discussing the cases cited by the parties relative to the unpredictable and unforeseeable nature of this “crime of passion.” Sun Harbor management could not have foreseen that Londa’s breaking off of her illicit love affair with Thamar would escalate into a murder. This private murder in a private apartment has nothing to do with the landlord-tenant relationship and has nothing to do with the landlord’s duty to maintain reasonably safe premises.
The trial court made a correct evaluation of the law and the facts in granting summary judgment to Sun Harbor. I would affirm the judgment of the trial court.